IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10025
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN PADGETT LUSK,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 92-CR-0049-2
- - - - - - - - - -
June 27, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

If a defendant has been sentenced based on a sentencing
range that has subsequently been lowered, the court may reduce
the term of imprisonment after considering certain factors.
U.S.S.G. § 3582(c)(2).  "[F]indings of fact made during a
§ 3582(c)(2) proceeding are reviewed under the clearly erroneous
standard."  United States v. Mimms, 43 F.3d 217, 220 (5th Cir.
1995).

------------------------

   [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

The district court denied Lusk's § 3582(c)(2) motion, finding that his sentence was correctly calculated, that, even though no amphetamine was actually produced, the sentencing court properly used a chemist's estimate that ten kilograms could have been produced from the P2P found cooking, and no evidence demonstrated that the chemist improperly included waste water or other waste by-products in the estimate.

Lusk has not demonstrated that the district court erred in relying on Lamberson's testimony that the chemist included any waste products in its calculation.

No authority has been found to support Lusk's contention that because no amphetamine was actually produced, the court had no basis for its sentencing determination. Lusk has not demonstrated that the district court's findings of fact are clearly erroneous.

AFFIRMED.